IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL A. LUNA, Jr.,

    Plaintiff,

v().                                                              Civ. No. 14-709 GBW/WPL

UNIVERSITY OF NEW MEXICO
BOARD OF REGENTS,
ROBERT G. FRANK,
President of the University of New Mexico,
UNM CHIEF OF POLICE,
CUSTODIAN OF PUBLIC RECORDS,
DIRECTOR OF OFFICE OF EQUAL OPPORTUNITY,
And DIRECTOR OF OMBUDS

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Dismissal (*doc. 46*) of Plaintiff's Second Amended Complaint (*doc. 12*) and the parties' accompanying briefing on this matter (*docs. 48, 51*). Having reviewed the briefing and being fully advised, the Court will grant the Motion for Dismissal.

**I.    PROCEDURAL POSTURE**

Plaintiff Manuel Luna, proceeding *pro se*, is suing his former employer and various state officials for deprivation of his constitutional rights, through retaliatory discharge, under 42 U.S.C. § 1983. *See generally doc. 12*.

1

Plaintiff initiated suit in this Court on August 12, 2014. *Doc. 1*. On April 13 and April 14, 2015, Plaintiff twice amended his Complaint. *See docs. 10, 12*. On November 17, 2015, Defendants moved to dismiss Plaintiff's action for failure to state a claim due to Eleventh Amendment Immunity. *Doc. 46*. In his response to the motion, Plaintiff reiterated his assertions regarding his mistreatment and emphasized the veracity of these claims. *See doc. 48*. Defendants replied on December 21, 2015. *Doc. 51*.

## II.  COMPLAINT'S FACTUAL ALLEGATIONS

Plaintiff is a former Dispatch Supervisor for the University of New Mexico Police Department. *Doc. 12* at 3-5. In the course of his duties, he was assigned to train a newly hired dispatcher, Edward Gonzales. *Id.* at 3. He alleges that he was instructed by his command staff to treat Gonzales unusually, assigning him to the "graveyard shift" prior to his departure to Santa Fe for additional training. *Id.* at 3-4. On May 1, 2012, Plaintiff alleges that several police officers and dispatchers "set up" Gonzales in order to coerce him into resigning prior to his departure to Santa Fe. *Id*. This was accomplished by intentionally assigning him to overlapping traffic stops while limiting his available tools, presumably to overwhelm him into performing his duties poorly. *Id.* Plaintiff complained to management about this perceived misconduct, and he alleges that he experienced retaliation for his complaints. *Id.* at 4. According to Plaintiff, his supervisors placed him on an unwarranted Performance Improvement Plan and began isolating him by excluding him from meetings and ostracizing him at office-wide

functions. *Id*. Plaintiff further alleges that his commanders intentionally kept the dispatch office understaffed to increase Plaintiff's workload and refused his requests to take necessary training courses. *Id.* at 4-5.

Sometime thereafter, Plaintiff was tasked with completing evaluations of dispatchers under his supervision. *Id.* at 5. In doing so, Plaintiff made what he contends to be accurate statements regarding the improper conduct of two dispatchers involved in the Gonzales incident. *Id*. His managers instructed that these evaluations be changed and repeatedly returned them to Plaintiff when he refused to do so. *Id*. Plaintiff claims that his managers threatened to discipline him for insubordination and provided him with a retaliatory evaluation of his own performance. *Id*.

Plaintiff complained of several additional retaliatory actions, including attempted intimidation by a police officer, further isolation, and exclusion from debriefings. *Id.* at 5-6. Plaintiff further alleged that this treatment sharply contrasted with management's treatment of certain dispatchers, who were shown favoritism and allowed to evade their job responsibilities without consequence. *Id.* at 6.

In December 2013, Plaintiff was confronted with an accusation of misconduct, allegedly supported by a document "signed by all part[ies]." *Id*. He was required to take human resources classes without being told of the nature of the accusation. *Id*. He was not allowed to view the document despite multiple requests to his managers, the Office of Equal Opportunity and the University Custodian of Public Records. *Id*.

Plaintiff further alleges in his Complaint that, on January 30, 2014, several University police officers attempted to "set up" Plaintiff in the same manner done to Gonzales, by manufacturing back-to-back traffic stops for Plaintiff to handle simultaneously. *Id.* at 7. Plaintiff responded by email on February 4, 2014, detailing the incident to management and later contacted the EEOC. *Id*. According to him, his supervisors reacted by continuing to under-allocate resources to dispatch and by placing him on administrative leave. *Id*. In April 2014, following a notice of contemplative action and Plaintiff's response, Plaintiff was discharged. *Id*. Plaintiff claims that the reasons given were retaliatory in nature and that university police continued to harass him by calling his wife's personal phone at odd hours of the night. *Id.* at 7-8.

Plaintiff now claims he is entitled to redress for these alleged harms.

### III. MOTION TO DISMISS

Defendants assert that Plaintiff's federal civil rights claims should be dismissed on the pleadings because each of the identified Defendants is immune from suit and does not constitute a person for purposes of a § 1983 claim. *Doc. 46* at 1-5. Defendants further claim that any remaining causes of action outside the scope of § 1983 would involve only state law, and urge this Court to decline exercise of its supplemental jurisdiction over these issues. Plaintiff responds that the totality of the claims stated in his complaint are true and that he is entitled to relief for unjust discharge. *Doc. 48.*

Ultimately, the Court concludes that Plaintiff has failed to state a claim upon which relief could be granted, entitling Defendants to a judgment of dismissal on the pleadings.

### A. Legal Standard

"After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Any party may move for judgment on the pleadings if no material facts are in dispute and the dispute can be resolved on both the pleadings and any facts of which the Court can take judicial notice." *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000).

The standard for deciding motions on the pleadings mirrors the applicable standard for a Rule 12(b)(6) motion to dismiss. *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013). Under Rule 12(b)(6), the Court accepts only the well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010). Thus, the Court need only evaluate allegations "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Following these principles, the Court considers whether the facts "plausibly give rise to an entitlement to relief." *Barrett v. Orman*, 373 F. App'x 823, 825 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677-78).

The Court notes that pleadings submitted by an individual proceeding *pro se* are held to a less stringent standard than those prepared by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "This liberal construction, however, will not relieve plaintiff of his burden of presenting sufficient facts to state a legally cognizable claim." *White v. State of Colo.*, 82 F.3d 364, 366 (10th Cir. 1996).

**B. Analysis**

*1. Eleventh Amendment Immunity*

Plaintiff has brought a federal cause of action against several entities and state officials. *See doc. 12* at 1-2. Plaintiff does not specify whether he seeks injunctive relief, such as reinstatement, or compensatory relief including monetary damages. *Id.* at 8. In both their Answer to his Second Amended Complaint and current Motion for Dismissal, Defendants have raised the defense of sovereign immunity stemming from the Eleventh Amendment of the United States Constitution. *See doc. 21* at 1, 3; *doc. 46* at 2-4.

The Eleventh Amendment states: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This provision creates an immunity which "applies to any action brought against a state in federal court, including suits initiated by a state's own citizens," regardless of the relief sought. *Steadfast Ins. Co. v.*

6

*Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). "[T]he Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013) (internal quotation marks omitted). This immunity thus extends to the states themselves as well as any entity functioning as an "arm of the state." *Duke v. Grady Mun. Sch.*, 127 F.3d 972, 974 (10th Cir. 1997). To determine whether a specific body functions as an arm of the state, the Tenth Circuit put forth a two-part inquiry:

> [T]he court first examines the degree of autonomy given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state. Second, the court examines the extent of financing the agency receives independent of the state treasury and its ability to provide for its own financing. The governmental entity is immune from suit if the money judgment sought is to be satisfied out of the state treasury.

*Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574-75 (10th Cir. 1996) (internal quotation marks and citations omitted).

Applying these standards, our jurisdiction has previously found both the University of New Mexico and its Board of Regents to be arms of the state of New Mexico, entitling them to Eleventh Amendment immunity. *See Buchwald v. Univ. of New Mexico Sch. of Med.*, 159 F.3d 487, 494 (10th Cir. 1998); *Ward v. Presbyterian Healthcare Servs.*, 72 F. Supp. 2d 1285, 1289-90 (D.N.M. 1999). As such, dismissal of claims against these entities is appropriate. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (§ 1983 "does not provide a federal forum for litigants who seek a remedy against a

7

State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity.") (internal quotation marks omitted).

Turning to Plaintiff's claims against individual officials, federal suits against state officials in their official capacity are considered suits against the state and thus subject to Eleventh Amendment immunity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Plaintiff explicitly concedes, and statutory guidance confirms, that each of the officials in positions designated as Defendants are employed by the University of New Mexico or its Board of Regents, making them officials of the state or an arm thereof. *Doc. 12* at 2; *See also* N.M. Stat. Ann. § 21-7-6; N.M. Stat. Ann. § 29-5-2; N.M. Stat. Ann. § 14-2-7. Accordingly, the University of New Mexico's President, Chief of Police, Custodian of Public Records, Office of Equal Opportunity Director, and OMBUDS Director are each immune from suit in their official capacities under the Eleventh Amendment. However, suits against "state officials in their individual capacities are not barred by the Eleventh Amendment." *Cornforth v. Univ. of Oklahoma Bd. of Regents*, 263 F.3d 1129, 1132 (10th Cir. 2001). Thus, relevant inquiry is whether Plaintiff's claims against non-entity Defendants were brought against them in their official or individual capacities.

While Plaintiff does not specify whether the claims asserted are brought against Defendants in their official or individual capacities, there can be little doubt that it is the former. "When, as here, the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of

8

the proceedings in order to determine whether the suit is for individual or official liability." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1244 (10th Cir. 2007) (internal quotation marks omitted). In this case, Plaintiff does not even identify named individuals for claims against the UNM Chief of Police, Custodian of Public Records, Office of Equal Opportunity Director, and OMBUDS Director. *Doc. 12* at 1. Indeed, Plaintiff amended his Complaint to remove named individuals employed within these offices or departments and replace them with the names of state positions. *Compare docs. 1, 10 with doc. 12*. As such, these claims could only be interpreted as official-capacity suits against whichever individual happened to hold these state positions. Furthermore, the only named individual (Robert G. Frank) is identified explicitly in the Complaint in his official capacity as President of the University of New Mexico. *Doc. 12* at 1. As such, these suits against state officials are subject to the protections of the Eleventh Amendment. *Graham*, 473 U.S. at 165-66.

Notwithstanding this finding, the Supreme Court has articulated a narrow exception to the general grant of constitutional immunity, allowing suits against state officials seeking to enjoin ongoing violations of federal law. *See Ex parte Young*, 209 U.S. 123, 155-60 (1908). In other words, while claims seeking monetary damages are barred, an action against a state employee seeking only injunctive or declaratory relief is not considered an action against the state and consequently is not subject to sovereign immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 105 (1984). As

noted above, Plaintiff has not specified whether he seeks purely monetary relief or injunctive relief. *Id.* at 8. Defendants contend that Plaintiff's ambiguity on this issue should be interpreted as a desire not to pursue injunctive relief, and urge the Court to find the *Young* exception inapplicable. *See doc. 46* at 4, n. 1.

However, liberally construing a *pro se* plaintiff's complaint in the light most favorable to him requires an inference that Plaintiff is seeking injunctive relief where the nature of the allegations reveals a desire for such relief. *See Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 808 (10th Cir.1999); *Martin v. Milner*, No. 07-CV-02689-REB-KLM, 2008 WL 4748519, at *10 (D. Colo. Oct. 28, 2008). Given the subject of Plaintiff's case, it is appropriate to assume that one of the remedies sought is court-ordered reinstatement, as "reinstatement usually will be granted when a plaintiff prevails in a wrongful discharge case brought under Section 1983." *Jackson v. City of Albuquerque*, 890 F.2d 225, 233 (10th Cir. 1989); *see also Reeves v. Claiborne County Bd. of Education,* 828 F.2d 1096, 1101 (5th Cir.1987) ( "Reinstatement is also normally an integral part of the remedy for a constitutionally impermissible employment action."); *Allen v. Autauga County Bd. of Education,* 685 F.2d 1302, 1305 (11th Cir.1982) ("(R)einstatement is a basic element of the appropriate remedy in wrongful employee discharge cases and, except in extraordinary cases, is required."). Thus, to the extent that Plaintiff's claims against state officials seek non-monetary relief such as reinstatement, they are not barred by Eleventh Amendment immunity.

### 2. *Definition of "person" under 42 U.S.C. §1983*

Defendants contend in the alternative that dismissal is proper because none of the identified Defendants constitutes a person under the definition required to sustain a § 1983 claim. Section 1983 of the Civil Rights Act, upon which Plaintiff bases his claim, provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. In interpreting this provision, the Supreme Court has held that the text was intended to exclude states from the category of "[e]very person." *Hafer v. Melo*, 502 U.S. 21, 26 (1991). The Court further explained that "[a]lthough 'state officials literally are persons,' an official-capacity suit against a state officer 'is not a suit against the official but rather is a suit against the official's office. As such it is no different from a suit against the State itself.'" *Id.* (quoting *Will*, 491 U.S. at 71). Thus, the Court concluded that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

However, as with sovereign immunity, the Supreme Court has expressed an exception to this holding when the suit against a state official in their official capacity seeks injunctive rather than compensatory relief. *Id.* at n. 10 ("Of course a state official

in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State.") (internal quotation marks omitted).  Accordingly, the personhood requirement for recovery under § 1983 bars official-capacity actions against state officials only "when sued solely for money damages[.]" *Jackson v. New Mexico Pub. Def.'s Office*, 361 F. App'x 958, 963 (10th Cir. 2010).  Thus, to the extent that Plaintiff's claims against state officials seek non-monetary relief such as reinstatement, they are not precluded by § 1983's definition of "person."

### 3. *Merits of Plaintiff's 42 U.S.C. § 1983 Claim*

For Plaintiff's causes of action which are not precluded by immunity or the personhood definition of § 1983 to survive a dismissal motion, Plaintiff must demonstrate that the facts pled plausibly give rise to an entitlement of relief.  *See Iqbal*, 556 U.S. at 678.  Plaintiff has failed to sufficiently plead such facts.

Plaintiff claims that his constitutional rights were violated through wrongful termination from his job as a Dispatch Supervisor.  *See doc. 12* at 3, 7.  "[D]ischarge from employment is actionable under § 1983 if an employee possesses a protectable property or liberty interest in his employment.  In the employment context, a property interest is defined as a legitimate expectation in continued employment." *Hesse v. Town of Jackson*, 541 F.3d 1240, 1245 (10th Cir. 2008) (citations and quotations omitted).  If Plaintiff possessed such an interest, "the State could not deprive [him] of this property without

due process." *Garcia v. State of N.M. Office of the Treasurer*, 959 F. Supp. 1426, 1429 (D.N.M. 1997) (internal quotation marks omitted).  Here, Plaintiff has provided no showing that the nature of his position or duration of employment would entitle him to a property interest in continued employment.  *See generally*, *doc. 12*.  Further, Plaintiff has not alleged or provided any facts indicating that Defendants failed to comply with any procedural due process requirements proscribed by state law in terminating him.  *Id*.  While *pro se* pleadings are entitled to some leniency in their interpretation, the Court will not act as a litigant's legal advocate nor absolve him of the burden to allege sufficient facts to state a claim.  *Hall*, 935 F.2d at 1110.  Accordingly, Plaintiff's § 1983 claim based on deprivation of employment is deficient on its face.

Plaintiff also asserts that his former employers took adverse actions against him "in retaliation for coming forward with information concerning Management[']s orchestration of the 'set up' of a new employee [Edward Gonzales]."  *Doc. 48* at 1; *see also doc. 12* at 3-4.  Plaintiff's alleged mistreatment by his employer included isolation, intimidation, and disparate treatment from similarly situated employees, who were shown favoritism in their evaluation processes.  *See doc. 12* at 3-8.  However, even if true, these allegations would not create a cognizable federal claim.  In evaluating § 1983 claims in the public employment context, the Supreme Court has foreclosed recovery on constitutional claims of unequal treatment unless a plaintiff can demonstrate that this discrepancy in treatment was based specifically on membership in a protected class,

13

such as race or national origin. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 591-93 (2008).

By contrast, the Court made clear that, absent this showing, a Plaintiff may not recover under § 1983 where an employee has been treated differently from similarly situated co-workers, even where such treatment is intentional and done for arbitrary, vindictive, or malicious reasons. *Id*. Similarly, a disparate treatment theory of retaliation can only be sustained for retaliation motivated by Plaintiff's opposition to a federally prohibited form of discrimination. *See, e.g., Petersen v. Utah Dep't of Corr.*, 301 F.3d 1182, 1191-92 (10th Cir. 2002). Here, despite meticulously documenting what he perceived to be unfair treatment against himself and Mr. Gonzales, Plaintiff has provided no factual assertion that the treatment of either was the result of discrimination based upon a federally protected category such as race or national origin. *See generally doc. 12*. Absent this, even a showing that their treatment was intentionally unequal and motivated by malice will not suffice. *Engquist*, 553 U.S. at 591-93. Accordingly, even viewed in the light most favorable to Plaintiff, the facts pled support no federal claim upon which relief, injunctive or monetary, may be granted. Thus, judgment for Defendants on the pleadings is proper.

    4. *State Law Claims*

Defendants state that, following dismissal of Plaintiff's § 1983 claim, a liberal construction of his complaint may reveal the existence of unarticulated claims based on

state law.  *Doc. 46* at 6.  However, Defendants urge the Court to decline exercise of its supplemental jurisdictions over these claims, as no federal disputes would remain.  *Id.* at 6-8.

Defendants are correct in their analysis that federal courts should ordinarily decline to exercise supplemental jurisdiction when only state-law claims remain.  *See* 28 U.S.C. § 1367(c); *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011).  However, such a decision is unnecessary in this case.  With regard to any state law claims against individuals employed by the state of New Mexico or an arm thereof, "federal courts have no jurisdiction to entertain a suit that seeks to require [a] state official to comply with state law."  *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1188 (10th Cir. 1998).  Thus, the exception established in *Young* may not be used to bring a non-federal official-capacity claim against a state official, and immunity applies regardless of the relief sought.  *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1155 (10th Cir. 2011) (holding that the *Young* exception only applies to allegations of ongoing violations of federal law).  Accordingly, any remaining state-law causes of action which could be inferred from a liberal reading of Plaintiff's complaint would be barred from adjudication in federal court by sovereign immunity.

### V.　CONCLUSION

For the foregoing reasons, the Court finds that: (1) all claims against the University of New Mexico and its Board of Regents are barred by the doctrine of

sovereign immunity; (2) as to Plaintiff's claims against state officials seeking monetary relief, the identified Defendants are also immune and do not constitute persons for purposes of 42 U.S.C. § 1983; (3) as to Plaintiff's claims against state officials seeking injunctive remedies, Plaintiff has failed to articulate facts which plausibly entitle him to redress; and (4) as to any remaining state-law claims, the identified Defendants are immune from suit. Accordingly, a Rule 12(c) judgment of dismissal on the pleadings is appropriate.

IT IS THEREFORE ORDERED that Defendants' Motion for Dismissal (*doc. 46*) is GRANTED and Plaintiff's claims are hereby dismissed without prejudice.

GREGORY B. WORMUTH
United States Magistrate Judge
**Presiding by Consent**